# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**MICHAEL RAY PARISH,**

    **Plaintiff,**

                          Case No. 2:18-cv-294
    v.                       JUDGE ALGENON L. MARBLEY
                          Chief Magistrate Judge Elizabeth P. Deavers

**NANCY A. BERRYHILL,**

    **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff, Michael Ray Parish, brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits and supplemental security income. This matter is before the United States Magistrate Judge for a Report and Recommendation on Plaintiff's Statement of Errors (ECF No. 13), the Commissioner's Memorandum in Opposition (ECF No. 17), and the administrative record (ECF No. 8). Plaintiff did not file a Reply. For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Statement of Errors be **OVERRULED** and that the Commissioner's decision be **AFFIRMED**.

## I.    BACKGROUND

On August 14, 2014, Plaintiff protectively filed applications for both supplemental security income and disability insurance benefits, alleging that he had been disabled since March 2, 2013. (R. at 316–28.) Plaintiff's applications were denied initially and upon reconsideration. (R. at 227–47.) Plaintiff sought a *de novo* hearing before an administrative law judge. (R. at

250–53.) Administrative Law Judge ("ALJ") Eric Westley held a hearing by video teleconference on May 18, 2017, at which Plaintiff, who was represented by counsel, appeared and testified. (R. at 105–24.) On June 7, 2017, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. (R. at 69–88.) On February 22, 2018, the Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the Commissioner's final decision. (R. at 1–4.) Plaintiff then timely commenced the instant action.

## II.    HEARING TESTIMONY[1]

### A.    Plaintiff's Testimony

At the administrative hearing, when the ALJ asked Plaintiff's counsel if he had any additional evidence to submit, counsel responded, "No, Your Honor." (R. at 108.) When asked by the ALJ whether there were any treating source opinions in the file, Plaintiff's counsel responded, "No, Your Honor, I don't believe there are direct treating source opinions." (R. at 109.)

Plaintiff testified that he was thirty-nine years old at the time of the administrative hearing. (R. at 110.) He completed the tenth grade and earned his general education diploma. (*Id*.) Plaintiff lives with his aunt and uncle, has never been married, and has no children. (R. at 110–11.) Plaintiff last worked in March 2013 as a grill cook at McDonald's before he was fired from that position. (R. at 111.) He also previously worked as a truck washer in the early 2000s. (R. at 111–12.)

Plaintiff testified that he has constant chronic back pain and a sciatic nerve that causes

---

[1] The Undersigned limits the analysis of the evidence and the administrative decision to the issues raised in the Statement of Errors.

2

pain down his left leg and up into his left shoulder blade and irritates his left ankle. (R. at 112–13.)  The pain renders him unable to stand on his feet or to sit for twenty or thirty minutes at a time.  (*Id*.)  Plaintiff testified that pain medication reduces his pain from an "8" to a "6" on a pain scale.  (R. at 113.)

With breaks, Plaintiff can take his dog for a walk no further than around the block.  (R. at 113, 117.)  Plaintiff mows the small yard but it takes him almost an hour because he has to sit down four or five times while doing it.  (*Id*.)  Plaintiff experiences pain, walking downstairs, twisting, and reaching in any direction or carrying anything with the left arm.  (R. at 114.)

**B.     Vocational Expert Testimony**

Paula Zinsmeister testified as a vocational expert ("VE") at the May 18, 2017, administrative hearing.  (R. at 119–23.)  The VE described Plaintiff's past work as a short order cook, which is light work, and cleaner II, which is medium exertional work.  (R. at 120.)  The ALJ proposed a hypothetical that presumed an individual with Plaintiff's past work experience, capable of performing light work, able to frequently climb ramps or stairs, never climb ladders, ropes or scaffolds, occasionally stoops and crawls, frequently kneel or crouch, can perform simple routine tasks in a setting with occasional changes that are explained in advance.  (R. at 120–21.)  The VE testified that the hypothetical individual could not perform Plaintiff's past work but that the individual could perform unskilled light work such as cleaner/housekeeping, merchandise market, and delivery marker that existed in significant numbers in the national economy.  (R. at 121.)  Presuming the same hypothetical individual except that the individual is capable of sedentary work, the VE testified that the hypothetical individual could perform unskilled sedentary work that existed in significant numbers in the national economy, including work as a document preparer, circuit board inspector/cleaner, and final assembler.  (R. at 121–

22.) The VE testified that a hypothetical person off task 20% of the time or absent two times a month could not perform Plaintiff's past work or any other work in the economy. (R. at 122–23.)

### III. ADMINISTRATIVE DECISION

On June 7, 2017, the ALJ issued his decision. (R. at 69–88.) At step one of the sequential evaluation process,[2] the ALJ found that Plaintiff had not engaged in substantially gainful activity during the period from his alleged onset date of March 2, 2013. (R. at 71.)

At step two, the ALJ concluded that Plaintiff had the following severe impairments: osteoarthritis (hip, knee); unspecified depressive disorder; and unspecified anxiety disorder. (*Id*.)

At step three of the sequential process, the ALJ concluded that that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 72–74.) At step four, the ALJ assessed Plaintiff's RFC as follows:

---

[2] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?
3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 404.1520(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

> After careful consideration of the entire record, the Undersigned finds that the claimant has the residual functional capacity to perform light work as define in 20 CFR 404.1567(b) and 416.967(b) except that he can: frequently climb ramps or stairs; never climb ladders, ropes, or scaffolds; occasionally stoop; frequently kneel or crouch; occasionally crawl. He can perform simple, routine tasks in a setting with occasional changes that are explained in advance. He can perform goal-oriented work but cannot work at a production rate pace. He can occasionally interact with supervisors, coworkers, and the public if that interaction is limited to speaking and signaling as it is defined in the SCO (Selected Characteristics of Occupations).

(R. at 74.) In reaching this determination, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that Plaintiff's statements regarding the intensity, persistence and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record. (R. at 75.) The ALJ specifically noted as follows:

> However, the medical evidence of record does not support the degree to which the claimant said he is limited. He reported on September 30, 2015, that he had more energy and mows the grass (11F/24). Although he testified that he never walks his dog anymore, he has indicated on August 5, 2015, that he was walking his dog twice a day (11F/ 13). The dog walks increased to four times a day by September 30, 2015 (11F/24). He noted on January 6, 2016, that he had his dog out for a long walk that morning (17F/4). He was still walking his dog several times per day at least through November 2016 (22F/4, 11; 24F/4, 7). On December 28, 2016, he reported walking two miles a day (24F/9). The claimant has also exhibited a normal or satisfactory gait with no indication of a handheld assistive device (1F/3; 4F/ 15, 24; 14F/7; 20F/7; 23F/ 1l). He has also denied an abnormal gait (6F/4, 13, 18, 23, 29, 34; 10F/22, 38; 13F/4, 9, 19, 24, 29; 15F/3; 16F/4; 19F/3, 9, 14; 21F/ 19; 23F/9).

(R. at 77.)

Relying on the VE's testimony, the ALJ determined that Plaintiff is unable to perform any past relevant work but can perform jobs that exist in significant numbers in the national economy. (R. at 86–88.) He therefore concluded that Plaintiff was not disabled under the Social Security Act. (R. at 88.)

## IV. EVIDENCE PRESENTED TO APPEALS COUNCIL

After the ALJ issued his decision on June 7, 2017, Plaintiff submitted additional evidence to the Appeals Council on June 13, 2017. (R. at 54–59.) On May 31, 2017, Steven Howe, D.O., Plaintiff's treating physician, completed a Physical Residual Functional Capacity Questionnaire ("the Questionnaire"). (*Id*.) Dr. Howe noted that Plaintiff's symptoms included lumbar and left foot pain as well as numbness and tingling in the toes. (R. at 54.) Dr. Howe identified tenderness and pain with range of motion as clinical findings and objective signs and noted hydrocodone and tramadol were given for Plaintiff's pain. (*Id*.) Dr. Howe opined that Plaintiff's impairments lasted or were expected to last at least twelve months and denied that Plaintiff was a malingerer. (R. at 54–55.) Dr. Howe found that anxiety affected Plaintiff's physical condition. (R. at 55.) According to Dr. Howe, Plaintiff frequently experienced pain or other symptoms severe enough to interfere with attention and concentration needed to perform simple work tasks. (*Id*.) Dr. Howe opined that Plaintiff was incapable of even low stress jobs because of his high anxiety issues. (*Id*.)

In assessing Plaintiff's functional limitations, Dr. Howe opined that Plaintiff could walk one block without rest or severe pain; sit for twenty minutes; stand for ten minutes; needed five to six periods of walking in an eight-hour day for approximately six to ten minutes each time; needed a job that permits shifting positions from sitting, walking, or standing; needed five to six unscheduled breaks lasting six to ten minutes; elevate his leg with prolonged sitting. (R. at 56–57.) Dr. Howe also opined that Plaintiff's impairments would likely produce "good days" and "bad days" and would miss more than four days of work per month. (R. at 58.) Dr. Howe concluded that Plaintiff was not capable of working a full-time schedule at any level of exertion. (R. at 59.)

## V. STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## VI. ANALYSIS

Plaintiff advances one contention of error. Plaintiff asserts that remand is warranted for consideration of new and material evidence, namely, the Questionnaire completed by Dr. Howe on May 31, 2017. (ECF No. 13; R. at 54–59.) Sentence six of 42 U.S.C. § 405(g) provides in relevant part as follows:

> The Court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . .

42. U.S.C. § 405(g). Accordingly, the Court may remand a case to the Commissioner for consideration of additional evidence only if the party seeking remand demonstrates that the evidence is "new" and "material" and there is "good cause" for the failure to incorporate this evidence into the record at the prior hearing. *Id.*; *Montecalvo v. Comm'r of Soc. Sec.*, 695 F. App'x 124, 130 (6th Cir. 2017); *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 276 (6th Cir. 2010). "[E]vidence is new only if it was not in existence or available to the claimant at the time of the administrative proceeding." *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 484 (6th Cir. 2006) (quoting *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) (internal quotation marks omitted)). "Such evidence is 'material' only if there is 'a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence.'" *Ferguson*, 628 F.3d at 276 (quoting *Foster*, 279 F.3d at 357); *see also* Dobbins v. Berryhill, No. 2:16-cv-00298, 2017 WL 5064154, at *8 (E.D. Tenn. Sept. 13, 2017) ("A post-decision evaluation is not material if it is cumulative of evidence already in the record, or if it merely shows a worsening condition."); *Defrank v. Colvin*, No. 4:15-cv-1473, 2016 WL 3898441, at *6 (N.D. Ohio July 19, 2016) ("The Sixth Circuit has held that a remand is improper if the new evidence is 'largely cumulative of evidence and opinions

8

already present in the record.'") (citations omitted). "A claimant shows 'good cause' by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." *Ferguson*, 628 F.3d at 276 (quoting *Foster*, 279 F.3d at 357). The claimant bears the burden of meeting all three criteria to warrant remand under Sentence Six. *Id.*; *Cross v. Comm'r of Soc. Sec.*, 373 F. Supp. 2d 724, 734 (N.D. Ohio 2005).

Here, the parties do not appear to dispute that the Questionnaire is new. (*See generally* ECF Nos. 13, 17.) The Undersigned agrees that this evidence, completed by Dr. Howe on May 31, 2017, is new because it was "'not in existence or available to the claimant at the time of the administrative proceeding'" on May 18, 2017. *Ferguson*, 628 F.3d at 276 (quoting *Foster*, 279 F.3d at 357).

Plaintiff, however, has not shown good cause for failing to submit this evidence to the ALJ before the ALJ issued his decision on June 7, 2017. He simply asserts that his counsel received the Questionnaire on June 1, 2017, after the administrative hearing. (ECF No. 13 at 7.) The United States Court of Appeals for the Sixth Circuit, however, "has taken a harder line on the good cause test." *Oliver v. Sec'y of Health and Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986) (citations omitted). Under this standard, a claimant does not establish good cause where the claimant knows of additional forthcoming evidence but fails to seek a continuance, does not ask to keep the record open, or fails to submit such evidence before the ALJ issues a decision. *Temples v. Comm'r of Soc. Sec.*, 515 F. App'x 460, 463 (6th Cir. 2013) (finding that the plaintiff was not entitled to remand under Sentence Six "because she did not set forth a valid reason for failing to acquire and present the evidence to the ALJ, or request that the record remain open for the submission of additional evidence") (citations omitted); *Smith v. Comm'r of Soc. Sec.*, 473 F. App'x 443, 446 (6th Cir. 2012) ("Moreover, Smith did not ask that the administrative record be

kept open and he has not established good cause for failing to acquire this evidence in time to present it to the ALJ.") (citations omitted); *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007) ("Additionally, plaintiff's counsel did not seek to have the record remain open to submit the evidence here provided, which in and of itself shows a lack of good cause.") (citations omitted); *Cranfield v. Comm'r of Soc. Sec.*, 79 F. App'x 852, 859 (6th Cir. 2003) ("Ms. Cranfield could have notified the ALJ that additional evidence was forthcoming and sought a continuance for that reason. This option was plainly available to her, but she chose not to take it. She proceeded to hearing without all her evidence and she must live with the consequences.") (citations omitted); *Hammond v. Apfel*, No. 99-1451, 211 F.3d 1269 (Table), 2000 WL 420680, at *4 (6th Cir. Apr. 12, 2000) ("Although Hammond's counsel indicated to the ALJ that he was trying to obtain a statement from Vargas and requested that the record remain open, Hammond has not explained why he was unable to get this information before the ALJ made his decision."); *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 149 (6th Cir. 1996) (noting that the claimant's attorney had a month to notify the ALJ of new evidence before he made his decision, but that counsel "elected to wait and submit the new evidence to the Appeals Council for the first time. This is clearly not good cause. . . . Cline cannot benefit from any failure to notify the ALJ at or following the hearing regarding the need to consider additional psychiatric evidence.") (citations omitted); *Curry v. Sec'y of Health & Human Servs.*, No. 87-1779, 1988 WL 89340, at *4 (6th Cir. Aug. 29, 1988) (finding that the claimant failed to establish good cause where "the transcript of the hearing before the ALJ clearly indicates that counsel for the Appellant did not seek to have the record remain open until such time as other evidence could be made a part of the record"); *Gildow v. Acting Comm'r of Soc. Sec.*, No. 2:15-cv-2558, 2016 WL 3876520, at *6 (S.D. Ohio July 18, 2016) ("Since Plaintiff apparently believed the walk test evidence was vital to her claim

but did not notify the ALJ that she wished to submit this evidence, she has failed to show good cause to excuse the failure to present this evidence in the proceedings.").

Here, while Plaintiff's counsel sent a letter to the ALJ on May 11, 2017, to advise that Dr. Howe's records were outstanding "and may not be available for submission within five days to the scheduled hearing[,]" (R. at 416), counsel nevertheless denied at the hearing on May 18, 2017, that there was additional evidence to submit. (R. at 108; *see also* R. at 109 (reflecting Plaintiff's counsel's statement that she did not "believe there are direct treating source opinions").) Moreover, Plaintiff provides no explanation as to why he did not submit the new evidence, which her counsel received on June 1, 2017, to the ALJ before he issued his decision on June 7, 2017. (ECF No. 13 at 7; R. at 69–88.). Based on this record, Plaintiff has not met his burden of establishing good cause. *See Ferguson*, 628 F.3d at 276; *Temples*, 515 F. App'x at 463; *Smith*, 473 F. App'x at 446; *Bass*, 499 F.3d at 513; *Cranfield*, 79 F. App'x at 859; *Hammond*, 2000 WL 420680, at *4 *Cline*, 96 F.3d at 149; *Curry*, 1988 WL 89340, at *4; *Gildow*, 2016 WL 3876520, at *6.

Having failed to carry his burden of showing that there was good cause to provide Dr. Howe's Questionnaire to the ALJ, "it is unnecessary to address the issue of materiality." *Luther v. Soc. Sec. Admin.*, No. 3-15-cv-601, 2016 WL 3681447, at *14 (M.D. Tenn. July 6, 2016) (finding no good cause where "[n]either Plaintiff nor Plaintiff's representative informed the ALJ at the hearing that medical source statements from Dr. Gibson would be forthcoming, or requested that the ALJ hold the record open for that purpose"); *cf.* 42 U.S.C. § 405(g); *Cross*, 373 F. Supp. 2d at 734. However, even if the Undersigned considers materiality, Plaintiff has not shown that the Secretary would have reached a different disposition of the disability claim if presented with Dr. Howe's Questionnaire. *See Ferguson*, 628 F.3d at 276. As a preliminary

11

matter, a treating source is entitled to controlling weight only if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record[.]" 20 C.F.R. § 404.1527. Accordingly, "'[i]t is an error to give an opinion controlling weight simply because it is the opinion of a treating source if it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent the with other substantial evidence in the case record.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting SSR 96-2p, 1996 WL 374188, at *2 (July 2, 1996)). While Plaintiff asserts that Dr. Howe's Questionnaire is material, Plaintiff has not addressed the supportability or the consistency of that opinion. (ECF No. 13 at 7–8.) It is not the duty of the Court to develop or support Plaintiff's conclusory argument. *See Rice v. Comm'r of Soc. Sec.*, 169 F. App'x 452, 454 (6th Cir. 2006) ("It is well-established that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.") (internal quotation marks omitted); *Simpson v. Comm'r of Soc. Sec.*, No. 1:13-cv-640, 2014 WL 3845951, at *10 (S.D. Ohio Aug. 5, 2014) ("Because plaintiff offers no explanation or citation to evidence demonstrating how therapist Scholler's opinion is consistent with the other medical evidence of record, the Court finds that she has waived this argument."); *Wilmore v. Comm'r of Soc. Sec.*, No. 2:16-cv-10475, 2016 WL 8671217, at *7 (E.D. Mich. Dec. 9, 2016) ("The Court will not search the record with a fine-toothed comb to develop arguments for Plaintiff."), *adopted* by 2017 WL 744241 (E.D. Mich. Feb. 27, 2017); *Stankoski v. Comm'r of Soc. Sec.*, No. 2:11–cv–00627, 2012 WL 3780333, at *3 (S.D. Ohio Aug. 31, 2012) ("[I]n the context of Social Security cases, it is a claimant's duty to highlight the portions of the record on which his or her argument is based.").

Notably, the ALJ considered Plaintiff's chronic pain syndrome, low back pain, left foot pain, numbness, tingling in toes, pain with range of motion, anxiety, and medications such as hydrocodone and tramadol, which were also identified by Dr. Howe in the Questionnaire. (R. at 54–59; 75–77, 80, 85.) After considering this evidence, the ALJ nevertheless concluded that Plaintiff was not as limited as he alleged. (R. at 77.) The ALJ explained, with specific citations to the record, why Plaintiff's allegations regarding his physical and mental limitations were inconsistent with the evidence. (R. at 77, 81–82, 86.) The ALJ's findings enjoy substantial support in the record. (*Id*.) The Undersigned is therefore not persuaded that Plaintiff has met his burden of showing that a reasonable probability exists that the ALJ would have reach a different outcome if he had considered Dr. Howe's Questionnaire. *See Ferguson*, 628 F.3d at 276.

For all of these reasons, Plaintiff is not entitled to a remand pursuant to Sentence Six of 42 U.S.C. § 405(g).

## VII. CONCLUSION

After reviewing the record as a whole, the Undersigned finds that the ALJ's decision denying benefits is supported by substantial evidence. It is therefore **RECOMMENDED** that Plaintiff's Statement of Errors be **OVERRULED** and that the Commissioner's decision be **AFFIRMED**.

## VIII. PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy.

Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: June 14, 2019         s/ *Elizabeth A. Preston Deavers*
                            ELIZABETH A. PRESTON DEAVERS
                            CHIEF UNITED STATES MAGISTRATE JUDGE